Oartter, Oh. J.,
delivered the opinion of the court:
It is contended, on behalf of the demurrer, that Donohue,, as a receiver, was to collect the rent of the property in the cause mentioned in the condition of the bond, and that the sureties were only responsible for the receiver in that distinct and particular duty. In our judgment this is too narrow a view of their obligation. Donohue and his sureties undertook that he “ shall well and faithfully, in accordance with the law, perform the trusts named in the bond.” We cannot read this as if he were to put the money in his pocket. The true *218 construction of the bond is that he is to take the money and pay it over, under the order of the court, in his character of receiver. The performance of his duty as receiver was not only to collect, but to obey the direction of the court which had appointed him, especially in regard to the funds which might come to his hands, and his function was to pay over as well as to receive.. There would be little or no necessity for a bond, unless it were to prevent loss and misconduct after he had collected the rent, and the sureties, who knew he was a receiver, will be presumed to have signed the bond with reference to a duty so obvious and necessary. We all think that the bond is stated substantially, according to its legal effect, in the declaration, and that the judgment below must be' affirmed.